UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN J. McCARTHY,                          :
                                           :
        Petitioner                 :    CIVIL NO. 1:CV-15-0447
    vs.                                    :
                                           :    (Judge Caldwell)
WARDEN EBBERT,                             :
                                           :
        Respondent                 :

*M E M O R A N D U M*

I.    *Introduction*

The pro se petitioner, John J. McCarthy, an inmate at USP_lewsiburg, Pennsylvania, filed this 28 U.S.C. § 2241 petition alleging that Connecticut state authorities violated his plea agreement on the relevant state conviction by failing to run his state sentence concurrently with his federal sentence and that the Bureau of Prisons (BOP) refused to run his state and federal time concurrently.  (Doc. 1, Pet.).  Respondent argues the Petition should be dismissed under the abuse-of-the-writ doctrine.  Alternatively, Respondent asserts the BOP did not abuse its discretion in denying McCarthy's request for the retroactive designation of the facility where he served his Connecticut sentence as his place of federal confinement.  (Doc. 8, Response).

Because a successive § 2241 petition raising the same legal issue adjudicated in a prior filing is an abuse of the writ, McCarthy's petition will be dismissed pursuant to 28 U.S.C. § 2244(a).  We also lack jurisdiction over the claim involving the running of the state sentence.

II.     *Standard of Review*

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper means for challenging the execution of a sentence.  *Cardona v. Bledsoe*, 681 F.3d 533, 536 (3d Cir. 2012); *see also Setser v. United States*, ___ U.S. ___, ___, 132 S.Ct. 1463, 1473, 182 L.Ed.2d 455 (2012) ("Setser is free to urge the Bureau to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges.  If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program.  *See* 28 CFR § 542 *et seq.* (2011).  And if that does not work, he may seek a writ of habeas corpus.  *See* 28 U.S.C. § 2241.")  As petitioner is challenging the computation of his federal sentence, this matter is properly before this Court as a § 2241 habeas action.

When a prisoner files a successive petition for habeas corpus relief, the abuse-of-the-writ doctrine may bar his claim.  *Furnari v. U.S. Parole Comm'n*, 531 F.3d 241, 250 (3d Cir. 2008).  The abuse of the writ doctrine is set forth in part in 28 U.S.C. § 2244(a):

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

-2-

28 U.S.C. § 2244(a).  Section 2244(a) is applicable to successive petitions brought under 28 U.S.C. § 2241.  "[A] court may grant controlling weight to a denial of a prior application for habeas corpus when three criteria are met: (1) the same ground presented in the successive application was determined adversely to the applicant on the previous application; (2) the previous determination was made on the merits; and (3) 'the ends of justice' would not be served by reaching the merits of the subsequent application." *Furnari*, 531 F.3d at 250 (citing *Sanders v. United States*, 373 U.S. 1, 9, 83 S.Ct. 1068, 1074, 10 L.Ed.2d 148 (1963)).

III.   *Background*

On April 30, 2012, McCarthy filed a habeas corpus petition in this court challenging the BOP denial of his request for a retroactive *nunc pro tunc* designation in accordance with 18 U.S.C. § 3621(b) that would have resulted in his receiving credit on his federal sentence for the time he spent in state custody.   After reviewing the merits of his claim, we determined that the BOP had not abused its discretion in refusing to retroactively designate the state prison as the place of service of McCarthy's federal sentence.  *McCarthy v. Warden*, Civil No. 1:CV-12-0846, 2013 WL 3943551 (M.D. Pa. Jul. 29, 2013).  On November 1, 2013, the Third Circuit affirmed our decision.  *McCarthy v. Warden*, 544 F. App'x 52 (3d Cir. 2013)(nonprecedential).  In so doing, the Third Circuit specifically held that "the BOP did not abuse its discretion because the record reflects its

meaningful consideration of Judge Dorsey's recommendation and the factors under § 3621(b)." *Id.*, 544 F. App'x at 54.

More recently, McCarthy filed a similarly based § 2241 habeas petition challenging the BOP's failure to run his state and federal sentences concurrently. That petition was summarily dismissed pursuant to 28 U.S.C. § 2244(a) as an abuse of the writ. *McCarthy v. Warden Ebbert*, 1:15-CV-0399 (M.D. Pa. Jan. 20, 1016) (Caldwell, J.). McCarthy did not appeal our dispositive order.

IV.     *Discussion*

McCarthy's instant § 2241 petition raises the identical issue previously decided on the merits by this court, and affirmed by the Third Circuit. A successive § 2241 petition raising the same legal issue adjudicated in a prior filing is an abuse of the writ under 28 U.S.C. § 2244(a). Accordingly, McCarthy's Petition challenging the BOP's failure to run his federal sentence concurrently with his state sentence will be dismissed pursuant to 28 U.S.C. § 2244(a).

We add that we lack jurisdiction over any claim challenging his Connecticut conviction on the ground that state authorities violated his plea agreement by failing to run his state sentence concurrently with his federal sentence. At the time he filed his present habeas petition, McCarthy's Connecticut sentence had long expired; specifically, it had expired on February 5, 1999. Since he was no longer in custody pursuant to that conviction, this court lacks jurisdiction over any challenge to any aspect of his Connecticut

sentence.  *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926 (, 104 L.Ed.2d 540 (1989).

        An appropriate Order follows.

                                          /s/ William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge

Date: May 17, 2016